Jean-Paul Ciardullo, Bar No. 284170
   jciardullo@foley.com
Victor de Gyarfas, Bar No. 171950
   vdegyarfas@foley.com
Ashley M. Koley, Bar No. 334723
   akoley@foley.com
**FOLEY & LARDNER LLP**
555 S. Flower Street, Suite 3300
Los Angeles, CA 90071-2411
Telephone: 213.972.4500
Facsimile: 213.486.0065

Attorneys for Plaintiffs
ZURU INC., ZURU IP LIMITED, ZURU
(SINGAPORE) PTE, LTD., and ZURU, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURU INC., a British Virgin Islands corporation, ZURU IP LIMITED, a Hong Kong entity, ZURU (SINGAPORE) PTE. LTD., a corporation of the Republic of Singapore, and ZURU, LLC, a California corporation, | Case No. 2:25-cv-07954 |
| | **COMPLAINT FOR:** |
| Plaintiffs, | **1. Trademark Infringement Under the Lanham Act;** |
| v. | **2. Common Law Trademark Infringement;** |
| CRONUS GLOBAL, LLC, a Kansas limited liability company, and Kristin Calzada, an individual | **3. Copyright Infringement Under 17 U.S.C. § 501(a);** |
| Defendants. | **4. False Advertising Under the Lanham Act;** |
| | **5. Violation of Unfair Competition Law, Cal. Bus. Code § 17200 *et seq.*;** |
| | **6. Common Law Unfair Competition;** |
| | **7. Breach of Contract; and** |
| | **8. False Association Under the Lanham Act.** |
| | **DEMAND FOR JURY TRIAL** |

1      Plaintiffs ZURU Inc., ZURU IP Limited ("ZURU IP"), ZURU (Singapore)

2  PTE. Ltd. ("ZURU Singapore"), and ZURU, LLC (together, "Plaintiffs" or

3  "ZURU"), by and through their undersigned counsel, bring this Complaint against

4  Defendants Cronus Global, LLC ("Cronus") and Kristin Calzada ("Calzada")

5  (collectively, "Defendants"), and in support of their claims, states as follows:

6  <u>**JURISDICTION AND VENUE**</u>

7      1.    This action involves the trademark laws of the United States, 15 U.S.C.

8  §§ 1114, 1125(a), and, specifically, the statutory and common law of trademark

9  infringement. This action also involves the copyright laws of the United States, 17

10  U.S.C. § 101, *et seq.*

11      2.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331,

12  1338(a) and (b), 15 U.S.C. § 1121, and supplemental jurisdiction over the claims

13  arising under the common law of the State of California pursuant to 28 U.S.C. §

14  1367(a) because the state law claims are so related to the federal claims that they form

15  part of the same case or controversy.

16      3.    This Court has personal jurisdiction over Defendants in that at all times

17  pertinent hereto where, upon information and belief, Defendants are domiciled in the

18  forum state of California. Additionally, Defendants have purposefully availed

19  themselves of the privileges of conducting business in California, taking advantage of

20  the benefits and protections of its laws by operating www.cronusglobal.com from this

21  District, by marketing the website to residents of this state, and by minimally,

22  operating the website to residents in this state, all of which gives rise to ZURU's

23  claims hereunder.

24      4.    Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c)

25  because Defendants reside in this District and because Defendants have transacted

26  business in this District where a substantial part of the events alleged herein that give

27  rise to the claims occurred.

28

**THE PARTIES**

5.      ZURU IP LIMITED ("ZURU IP"), is a Hong Kong entity, organized and in good standing under the laws of Hong Kong, with a principal place of business at Room 1201-04 12/F., Energy Plaza, 92 Granville Road, Tsim Sha Tsui, Kowloon, Hong Kong.

6.      ZURU, Inc. is a corporation organized under the laws of the British Virgin Islands with a principal place of business at Unit 1-4, 12/F Energy Plaza 92 Granville Road Tsim Sha Tsui, Kowloon, Hong Kong, China.

7.      ZURU (Singapore) Pte. Ltd. ("Zuru Singapore"), is a corporation of the Republic of Singapore, with its principal place of business at 1003 Bu kit Me rah Central #06-07, Singapore 159836.

8.      ZURU, LLC, a limited liability corporation organized under the laws of the State of California, with its principal place of business at 2121 E Maple Avenue, El Segundo, CA 90245, USA. ZURU IP, ZURU, Inc., ZURU Singapore, and ZURU, LLC own or use under license the intellectual property at issue and will collectively be referred to herein as ZURU.

9.      ZURU is informed and believes that Cronus Global, LLC is a single-member limited liability company organized under the laws of the State of Kansas with a principal place of business at 22620 Cavalier Street, Woodland Hills, California 91364.

10.      On information and belief, Cronus's sole member, Kristin Calzada, an individual, is a citizen of and is domiciled in the state of California.

**ZURU'S INTELLECTUAL PROPERTY AT ISSUE**

**ZURU Trademarks**

11.      ZURU, part of ZURU Group, a collection of family-owned companies founded in Cambridge, New Zealand in 2004, is one of the largest toy companies in the world and distributes its toys to major retailers in over 120 countries. In addition

1  to ZURU's design, manufacture, and distribution of many of its own brands, ZURU
2  also partners with household-name companies like Disney, Netflix, and
3  NBCUniversal to release co-branded toys.

4       12.    ZURU has been using in interstate commerce the below trademarks,
5  among others, in connection with the advertising, marketing, and sale of its products.

6       13.    ZURU is the owner of the following trademarks that are protected by
7  multiple U.S. registrations (the "ZURU Registered Marks"):

8            (a)    United States Registration Nos. 5377550 and 5614491 for word
9                   mark "**ZURU**" used in commerce by ZURU since 2007;

10           (b)    United States Registration No. 5815520 for word mark "**Mini**
11                  **Brands**" used in commerce by ZURU since 2018;

12           (c)    United States Registration No. 7342927 for word mark "**ZURU**
13                  **Anime Pop Surprise**" used in commerce by ZURU since at least
14                  December 2023;

15           (d)    United States Registration No. 7329603 for word mark
16                  "**Snackles**" used in commerce by ZURU since June 2023; and

17           (e)    United States Registration No. 7237993 for word mark "**ZURU**
18                  **Snackles**" used in commerce by ZURU since June 2023.

19   A true and correct copy of the registrations for the ZURU Registered Marks are
20   attached hereto as **Exhibit 1**.

21       14.    For years, before the date of each issuance of their registration and
22   before Defendants' use of the ZURU Registered Marks as alleged herein, ZURU has
23   continuously, extensively, and exclusively used the ZURU Registered Marks in
24   connection with the advertising, marketing, and sale of ZURU's product lines.

25       15.    In particular, the "ZURU" and "Mini Brands" ZURU Registered Marks
26   have attained incontestable status pursuant to Sections 8 and 15 of the Lanham Act
27   because ZURU has continuously used them in commerce for at least five years

28

1   without any adverse decisions or pending proceedings regarding ZURU's rights.

2       16.    In addition to the ZURU Registered Marks, ZURU Singapore owns

3   common law rights in the following word and stylized trademarks ("ZURU Common

4   Law Marks"):

5           (a) "Mini Brands" (design mark) used in commerce by ZURU since

6               January 2019;



14          (b) "Mini Brands Books" (word and design mark) used in commerce by

15              ZURU since August 2023;



23          (c) "Snackles" (design mark) used in commerce by ZURU since May

2023;



(d) "Anime Pop Surprise" (design mark) used in commerce by ZURU since December 2023;



(e) "Series 2 Foodie Mini Brands!" (word and design marks) used in commerce by ZURU since April 2023; and



(f) "Series 5 Mini Brands!" (word and design marks) used in commerce

by ZURU since April 2023.



17.    The ZURU Common Law Trademarks are inherently distinctive. Alternatively, the ZURU Common Law Trademarks have acquired distinctiveness through secondary meaning. Specifically, since 2019 and 2023 as alleged above, and prior to Cronus's use of the ZURU Common Law Marks, ZURU has continuously, extensively, and exclusively used the ZURU Common Law Marks in connection with the marketing, advertising, offers to sell, and sale of ZURU's product lines on a global scale, including nationwide in several retail stores, online storefronts, and more.

18.    Additionally, ZURU has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the ZURU Registered Trademarks and Zuru Common Law Marks (collectively, the "ZURU Trademarks"). As a result, the ZURU Trademarks have acquired distinctiveness, or in other words, have acquired secondary meaning, by becoming widely recognized and exclusively associated by consumers, the public, and the trade as being associated with ZURU.

### ZURU'S Copyrights

19.    Additionally, ZURU Singapore is the foreign copyright owner of the following works (collectively, the "ZURU Works"):

(a) Image of ZURU Mini Brands Books capsule, owned by ZURU Singapore and published by ZURU on or around October 19, 2023;



(b) Image of ZURU Mini Brands Books open capsule with ZURU's products inside, owned by ZURU Singapore and published by ZURU on or around November 9, 2023;



(c) Image of hand holding ZURU Mini Brands Books capsule, owned by ZURU Singapore and published by ZURU on or around November 9, 2023;



FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

Case No. 2:25-cv-07954

(d) Images of ZURU's Anime Pop products, owned by ZURU Singapore and published by ZURU on or around November 1-3, 2023:

  

  



(e) (i) ZURU's plush Dragon Snackle, owned by ZURU Singapore as of March 2023 and published by ZURU in or around June 2023 and (ii) photograph of the Dragon Snackle, owned by ZURU Singapore and published by ZURU on or around March 31, 2023;



(f) (i) ZURU's plush Hippopotamus Snackle, owned by ZURU Singapore as of March 2023 and published by ZURU in or around June 2023, and (ii) photograph of the Hippopotamus Snackle, owned by ZURU Singapore and published by ZURU on or around March 31, 2023;



(g) (i) ZURU's plush Bunny Snackle, owned by ZURU Singapore as of March 2023 and published by ZURU in or around June 2023, and (ii) photograph of the Bunny Snackle, owned by ZURU Singapore and published by ZURU on or around March 31, 2023;



(h) (i) ZURU's plush Elephant Snackle, owned by ZURU Singapore as of March 2023 and published by ZURU in or around June 2023, and (ii) photograph of the Elephant Snackle owned by ZURU Singapore and published by ZURU on or around March 31, 2023;



(i) (i) ZURU's plush Dog Snackle, owned by ZURU Singapore as of March 2023 and published by ZURU in or around June 2023, and (ii) photograph of the Dog Snackle, owned by ZURU Singapore and published by ZURU on or around March 31, 2023;



(j) Image of the ZURU Foodie Mini Brands! Series 2 capsule, owned by ZURU Singapore and published by ZURU on or around April 6, 2023;



(k) Promotional photograph of ZURU's Mini Brands products, owned by ZURU Singapore and published by ZURU on or around June 6, 2023;



(l) Image of ZURU's Frozen Moment Minis! Capsule, owned by ZURU Singapore and published by ZURU on or around April 10, 2023;



(m)    Image of ZURU's Mini Brands! Series 5 capsule, owned by ZURU Singapore and published by ZURU on or around April 10, 2023; and



FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

Case No. 2:25-cv-07954

(n) Promotional photograph of ZURU's Mini Brands products, owned by ZURU Singapore and published by ZURU on or around August 14, 2023.



20.    Singapore is a signatory to the Berne Convention for the Protection of Literary and Artistic Works. Singapore does not require that a copyright be registered before filing a lawsuit for copyright infringement of the copyrighted work in the United States.

### ZURU'S LICENSING AGENCY AGREEMENT WITH CRONUS

21.    Cronus, through Calzada, is ZURU Inc.'s former licensing agent pursuant to a Licensing Agency Agreement dated July 15, 2021 (the "Agency Agreement").

22.    By entering into the Agency Agreement, Defendant, Cronus, acknowledged and agreed to be bound by the Standard Terms & Conditions (the "Terms and Conditions") attached to and incorporated by reference in the Agency Agreement.

23.    As relevant here, section 5(f) of the Terms and Conditions states:

> Press Releases. Press releases regarding this Agreement and any license agreements resulting from Agent's services hereunder shall be subject to Client's approval. Agent shall make no public announcements regarding the Represented Property without Client's prior written consent.

24.    The Agency Agreement expired on December 31, 2022, and ZURU Inc. did not renew it.

## DEFENDANTS' WRONGFUL CONDUCT

25.    At all relevant times pertinent hereto, upon information and belief, Calzada, as the owner and sole principal of Cronus, personally engaged in all conduct alleged herein both on its own behalf and on behalf of Cronus.

26.    Defendants operate a website, www.cronusglobal.com ("Infringing Website") which among other things, advertises Defendants' "Licensing, Marketing & Development" services and, upon information and belief, is accessible nationwide.

27.    In or around May 2025, ZURU discovered that the Infringing Website is making pervasive use of ZURU's Trademarks on the "Portfolio" page at www.cronusglobal.com/portfolio in connection with the promotion of Defendants' services as a licensing agency.  The Infringing Website also features the display, reproduction, and derivative works made from the ZURU Works. Screenshots from the Infringing Website are shown below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28











1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







1
2
3
4
5
6
7
8
9



10
11
12
13
14
15
16
17
18
19



20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







28.    ZURU did not authorize Defendants to make such use of the ZURU Trademarks on the Infringing Website.

29.    Nor did ZURU authorize Defendants to reproduce, display, or make derivative works from the ZURU Works on the Infringing Website.

30.    In addition to Defendants' pervasive unauthorized use of the ZURU Trademarks and ZURU Works, Defendants placed a hyperlink on the Infringing Website that leads to ZURU's authentic website, which promotes consumer confusion and deception by leading the consuming public to believe that ZURU is affiliated with or has sponsored or endorsed Defendants or Defendants' services as a licensing agency, when it has not.

31.    Defendants' use of the ZURU Trademarks and ZURU Works falsely suggests that they are sponsored or endorsed by ZURU. Indeed, Defendants' use of the ZURU Trademarks and ZURU Works attempts to capitalize on consumer confusion in order to mislead consumers into believing that ZURU endorses or sponsors Defendants' services as a licensing agent, which is not the case.

32.    Further contributing to consumer confusion and deception is Defendants' lack of disclaimer on the Infringing Website to clarify that ZURU does not endorse or sponsor Defendants' services.

33.    Defendants' extensive use of numerous third party intellectual property works incorporated into ZURU products using ZURU's images is a violation of Section 5(f) of the Agency Agreement in that the Infringing Website "portfolio" page constitutes a public announcement regarding the intellectual property that ZURU uses under licenses procured in part through Cronus's prior services as a licensing agent without ZURU's written consent.

34.    Cronus had access to the ZURU Works since 2023 when they were published on ZURU's authentic website, https://zuru.com/, and/or sold to the public in or around June 2023.

35.     Upon information and belief, Defendants published the ZURU Trademarks and ZURU Works on the Infringing Website in late 2024 or 2025.

36.     ZURU has not provided authorization to Defendants to use the ZURU Trademarks as alleged herein to promote their own services.

37.     On information and belief, Defendants knew that ZURU's authorization was required under existing law and per the terms of the Agency Agreement but nevertheless did not obtain authorization for Defendants' use of the ZURU Trademarks as alleged herein.

38.     Defendants' use of the ZURU Trademarks has caused, and is likely to continue to cause, confusion, mistake, and deception among the purchasing public as to the affiliation, connection, or association of ZURU, and is false and misleading especially given that Defendants use identical copies of the ZURU Trademarks.

39.     Defendants' conduct will, unless enjoined by this Court, further impair the value of ZURU's distinctive trademarks and the goodwill associated therewith, by causing the consuming public to associate ZURU with Defendants' licensing agency, causing irreparable harm to ZURU.

40.     Through the actions described herein, and in particular, using the ZURU Works and ZURU Trademarks without authorization, Defendants have acted willfully.

41.     Upon information and belief, by the acts herein complained of, Defendants have made substantial profits to which it is not equitably entitled based on its use of the ZURU Trademarks and ZURU Works and false and misleading representations that Defendants are currently affiliated with ZURU when there is no such affiliation.

42.     By the aforementioned acts herein complained of, ZURU has suffered great detriment in a sum which cannot be ascertained at this time.

43.     Defendants will, unless restrained, continue the acts complained of

herein, all to ZURU's irreparable damage, and the recovery of damages alone will not afford ZURU adequate relief.

44.    Defendants' conduct, acts and omissions complained of herein were willful and done with malice and oppression, with Defendants' knowledge, and for the purposes and with the desired and actual effect of causing ZURU substantial damage and/or to reap the benefits associated with ZURU's goodwill that ZURU has spent years building with significant efforts and expense. ZURU is therefore entitled to and hereby requests exemplary and punitive damages, according to proof.

## **FIRST CAUSE OF ACTION**

### **(Infringement of Plaintiff's Registered Marks Under 15 U.S.C. § 1114)**

45.    ZURU repeats, realleges, and incorporates each and every allegation made above as if fully set forth herein.

46.    ZURU is the exclusive owner of the Zuru Registered Marks.

47.    ZURU has used the ZURU Registered Marks in commerce continuously prior to the issuance of each ZURU Registered Mark and prior to Cronus's use alleged herein, to identify its various products and to distinguish them from those made and sold by others. ZURU has prominently displayed the ZURU Registered Marks in related commercial marketing, advertising, and sale of its products.

48.    The ZURU Registered Marks are inherently distinctive or have acquired distinctiveness, i.e., secondary meaning. Due to ZURU's years of marketing, advertising, and consistent use of the ZURU Registered Marks, Consumers have come to associate the ZURU Registered Marks with ZURU and ZURU's products.

49.    Defendants have infringed the ZURU Registered Marks by using them in connection with the promotion of Defendants' licensing services in commerce on the Infringing Website that is accessible in all U.S. states, as alleged in Paragraph 26-27 herein.

50.     ZURU does not consent, nor has it ever consented to Defendants' use of the Registered Marks or any confusingly similar marks or designs on the Infringing Website as alleged herein.

51.     Defendants' use of the ZURU Registered Marks on the Infringing Website is likely to cause confusion, or to cause mistake, or to deceive as to an association, affiliation, sponsorship, or endorsement of Defendants' services with or by ZURU, without the permission or authorization of ZURU.

52.     Defendants' current and continued use of the ZURU Registered Marks has impaired ZURU's reasonable interest in the commercial value of licensing and merchandising the ZURU Registered Marks.

53.     Defendants' current and continued use of the ZURU Registered Marks has also deprived ZURU of the goodwill stemming from the public knowledge of the true source of the products that bear the ZURU Registered Marks.

54.     Defendants' infringing acts are intentional and willful. Defendants have been on notice of the ZURU Registered Marks by virtue of ZURU's longstanding use of the ZURU Registered Marks.

55.     As a proximate result of Defendants' conduct, ZURU has suffered, and unless Defendants are enjoined, will continue to suffer, damage to its reputation and goodwill, injury to its current and potential customer base, and damages in an amount to be determined at trial.

56.     Defendants' conduct has irreparable harmed, if not enjoined, will continue to irreparably harm the consuming public that has an inherent interest in being free from confusion, mistake, and deception.

57.     ZURU also seeks compensatory damages in an amount to be determined at trial, representing three times the amount of Defendants' profits and ZURU's lost licensing fees, plus interest, costs of suit, and attorneys' fees.

1
2

## **SECOND CAUSE OF ACTION**

### **(False Advertising Under 15 U.S.C. § 1125(a)(1)(B))**

3      58.    ZURU repeats, realleges, and incorporates each and every allegation

4    made above as if fully set forth herein.

5      59.    Defendants have made false and misleading statements of fact by

6    prominently displaying and using both the ZURU Registered Marks and ZURU

7    Common Law Marks pervasively on its portfolio page and including hyperlinks to

8    ZURU's authentic website, which is an express or minimally, implied falsehood that

9    Defendants are ZURU's officially endorsed licensing agency.

10      60.    Defendants know, or should have known, that their advertising is false,

11    misleading, and/or deceptive because they know that ZURU has not authorized its use

12    of the ZURU Trademarks on the Infringing Website, and that Cronus is not an

13    authorized agent of ZURU.

14      61.    These express and implied falsehoods have been disseminated in

15    interstate commerce, minimally, by virtue of being published on the Infringing

16    Website and are likely to deceive consumers and have the capacity to deceive many

17    more.

18      62.    Upon information and belief, Defendants' false and misleading

19    representations, are material in that they are likely to influence a substantial segment

20    of the public into believing that Defendants are affiliated, connected, or associated

21    with or sponsored, endorsed, or approved by ZURU, and thus influence the public's

22    decision in hiring Defendants for licensing services.

23      63.    Upon information and belief, Defendants' misrepresentations have

24    actually deceived and/or have the tendency to deceive a substantial segment of its

25    audience into believing that Defendants are affiliated, connected, or associated with

26    or sponsored, endorsed, or approved by ZURU.

27      64.    Defendants placed the false statements of fact into interstate commerce

28

by virtue of publishing the statements on the Infringing Website which is used to promote and advertise Defendants' licensing agency services and is publicly accessible nationwide.

65.    Defendants' conduct described herein has caused, and if not enjoined, will continue to cause irreparable damage to ZURU, and has lessened the goodwill associated with ZURU's business, reputation, and products. ZURU's damages from Defendants' aforesaid unlawful actions, to the extent ascertainable, have not yet been determined.

## THIRD CAUSE OF ACTION
## (Copyright Infringement 17 U.S.C. § 501(a))

66.    ZURU repeats, realleges, and incorporates each and every allegation made above as if fully set forth herein.

67.    ZURU Singapore is the exclusive owner of the ZURU Works.

68.    On information and belief, Defendants have had actual notice of ZURU's exclusive rights in and to the ZURU Works.

69.    Defendants had access to the ZURU Works by virtue of the ZURU Works being published and publicly accessible on ZURU's authentic website prior to Defendants' unlawful reproduction, display, copy, and creation of derivative works of the ZURU Works.

70.    Defendants did not attempt to obtain ZURU's authorization to reproduce, copy, display, or make derivative works with the ZURU Works and have thus failed to obtain ZURU's consent or authorization to reproduce, copy, display, or make derivative works with the ZURU Works.

71.    Without ZURU's consent or authorization, Defendants knowingly and intentionally reproduced, copied, displayed, and prepared derivative works with the ZURU Works by reproducing, copying, displaying, and incorporating the ZURU

Works or works that are identical or substantially similar to the ZURU Works on/into the Infringing Website's content as alleged herein.

72.    Defendants' unlawful and willful actions as alleged herein constitute infringement of the ZURU Works, including ZURU's exclusive rights to reproduce, display, copy, and make derivative works with the ZURU Works in violation of 17 U.S.C. § 501(a).

73.    Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to ZURU in an amount unknown but to be proven at trial, for which ZURU has no adequate remedy at law, and unless enjoined, Defendants will continue to cause substantial and irreparable harm to ZURU.

74.    Based on Defendant's conduct, ZURU is entitled to injunctive relief, ZURU's actual damages and lost profits, and Defendants' profits arising from Defendants' conduct complained of herein, including any profits that are attributable to the infringement and not taken into account in computing the actual damages, in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

## **FOURTH CAUSE OF ACTION**

### **(Violation of Cal. Bus. & Prof. Code § 17200 *et seq*.)**

75.    ZURU repeats, realleges, and incorporates each and every allegation made above as if fully set forth herein.

76.    California's Unfair Competition Law ("UCL") defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading advertising."

77.    Defendants have unlawfully, unfairly, and deceptively engaged in trademark infringement under 15 U.S.C. § 1114(1), California common law, and false

advertising under 15 U.S.C. § 1125(a), and copyright infringement under 17 U.S.C. § 501(a) as alleged herein.

78.    By these actions, Defendants have engaged in unfair competition in violation of the statutory law of the state of California, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and as a result, ZURU has suffered and will continue to suffer damage to its business, reputation, and goodwill.

79.    Upon information and belief, Defendants profited from using the ZURU Trademarks, the ZURU Works, and by engaging in false advertising, and has been unjustly enriched by such conduct to the detriment and at the expense of ZURU. It would be unjust for Defendants to retain this benefit, and Defendants should not be permitted to reap the benefits of their wrongful conduct.

80.    ZURU has no adequate remedy at law and, if Defendants' actions are not enjoined, ZURU will continue to suffer irreparable harm to its reputation and the goodwill of the ZURU Trademarks and ZURU.

## FIFTH CAUSE OF ACTION
### (Trademark Infringement Under California Common Law)

81.    ZURU repeats, realleges, and incorporates each and every allegation made above as if fully set forth herein.

82.    As set forth above, ZURU owns common law trademark rights throughout the United States in the ZURU Common Law Marks.

83.    Defendants' use of the ZURU Common Law Marks on the Infringing Website is likely to cause confusion, or to cause mistake, or to deceive as to an association, affiliation, sponsorship, or endorsement of Defendants' services with or by ZURU, without the permission or authorization of ZURU.

84.    Defendants' current and continued use of the ZURU Common Law Marks has impaired ZURU's reasonable interest in the commercial value of licensing

1  and merchandising the ZURU Common Law Marks.

2      85.    Defendants' current and continued use of the ZURU Common Law

3  Marks has also deprived ZURU of the goodwill stemming from the public knowledge

4  of the true source of the products that bear the ZURU Common Law Marks.

5      86.    Defendants' infringing acts are intentional and willful. Defendants have

6  been on notice of the ZURU Common Law Marks by virtue of ZURU's longstanding

7  use of the marks.

8      87.    As a proximate result of Defendants' conduct, ZURU has suffered, and

9  unless Defendants are enjoined, will continue to suffer, damage to its reputation and

10  goodwill, injury to its current and potential customer base, and damages in an amount

11  to be determined at trial.

12      88.    Defendants' conduct has irreparable harmed, if not enjoined, will

13  continue to irreparably harm the general public who has an inherent interest in being

14  free from confusion, mistake, and deception.

15      89.    ZURU also seeks compensatory damages in an amount to be determined

16  at trial, representing three times the amount of Defendants' profits and ZURU's lost

17  licensing fees, plus interest, costs of suit, and attorneys' fees.

18

19                    **SIXTH CAUSE OF ACTION**

20        **(Unfair Competition Under Common Law Against Defendants)**

21      90.    Zuru repeats, realleges, and incorporates each and every allegation made

22  above as if fully set forth herein.

23      91.    Defendants have engaged in unfair competition in violation of

24  California common law, including by using the ZURU Trademarks And ZURU

25  Works to mislead the general public to believe that Defendants are affiliated,

26  connected or associated with or sponsored, endorsed or approved by ZURU, when

27  ZURU's products have no connection to Defendants whatsoever; causing a likelihood

28

of confusion as to their affiliation, connection, or association with ZURU and its products; and otherwise suggesting to the general public that Defendants' services are endorsed and/or approved by ZURU when they are not.

92.    As a result of Defendants' unfair competition, ZURU has suffered and will continue to suffer damage to its business, reputation, and goodwill.

93.    Upon information and belief, Defendants profits from using the ZURU Trademarks and from reproducing, making copies, displaying, and preparing derivative of the ZURU Works, and has been unjustly enriched by such usage to the detriment and at the expense of ZURU. It would be unjust for Defendants to retain this benefit, and Defendants should not be permitted to reap the benefits of their wrongful conduct.

94.    ZURU has no adequate remedy at law and, if Defendants' actions are not enjoined, ZURU will continue to suffer irreparable harm to its reputation and the goodwill of the ZURU Trademarks and ZURU.

### SEVENTH CAUSE OF ACTION
### (Breach of Contract Against Cronus)

95.    ZURU repeats, realleges, and incorporates each and every allegation made above as if fully set forth herein.

96.    The Agency Agreement, including the Terms and Conditions contained therein, constitutes a valid and enforceable contract between ZURU Inc. and Cronus.

97.    ZURU Inc. performed all of its obligations under the Agency Agreement and Cronus materially breached the Agreement by publishing the intellectual property associated with several ZURU business partners without ZURU Inc.'s authorization.

98.    As a direct and proximate result of Cronus's breach of contract, ZURU has suffered and will continue to suffer damages in an amount to be determined at

trial.

## **<u>EIGHTH CAUSE OF ACTION</u>**

### **(False Association Under 15 U.S.C. § 1125(a)(1)(A))**

99.    ZURU repeats, realleges, and incorporates each and every allegation made above as if fully set forth herein.

100.    ZURU owns the ZURU Trademarks as identified herein. Through extensive use, advertising, and promotion, the ZURU Trademarks have become well-known and uniquely identify ZURU as the source of related goods in the minds of consumers.

101.    Defendants, without authorization, have used and are using the ZURU Trademarks, logos, and images on the Infringing Website (www.cronusglobal.com), including specifically on the "Portfolio" page.

102.    Defendants' unauthorized use of the ZURU Trademarks and references to ZURU on the Infringing Website is likely to cause confusion and mistake, and/or to deceive consumers and others in the trade into believing that Defendants are associated with, sponsored by, or endorsed by ZURU, when in fact no such relationship exists.

103.    ZURU has not authorized Defendants' use of the ZURU Trademarks in connection with Defendants' business, services, or website. Defendants' actions are deliberate and willful, undertaken with knowledge of ZURU's prior and exclusive rights.

104.    By these actions, Defendants have used, in commerce, a word, term, name, symbol, or device, or a combination thereof, which is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with ZURU, or as to the origin, sponsorship, or approval of Defendants' services, or commercial activities by ZURU.

105.    As a result of Defendants' acts of false association, ZURU has suffered

and, unless Defendants are enjoined, will continue to suffer, irreparable harm to its business, reputation, and goodwill, as well as monetary damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, ZURU respectfully requests that the Court enter judgment as follows:

A.    Finding Defendants liable for infringing the ZURU Trademarks under the Lanham Act, California law, and common law;

B.    Finding Defendants liable for infringing the ZURU Works under the Copyright Act;

C.    Finding Defendants liable for false advertising, false association, and unfair competition under the Lanham Act, California law, and common law;

D.    Finding that Defendants' foregoing misconduct was willful;

E.    Finding that Cronus materially breached the Agency Agreement;

F.    Preliminarily and permanently enjoining Defendants, their agents, representatives, employees, assigns, and all persons acting in concert or privity with them, from engaging in the foregoing misconduct;

G.    Awarding ZURU all damages suffered and expenses incurred because of Defendants' misconduct, along with Defendants' infringing profits;

H.    Awarding ZURU Inc. compensatory damages for breach of contract in an amount to be determined at trial;

I.    Awarding ZURU treble damages;

J.    Declaring that this is an exceptional case and awarding ZURU their reasonable attorneys' fees to the extent permitted by law;

K.    Awarding ZURU pre-judgment and post-judgment interest on the damages caused by Defendants' misconduct; and

1    L.    Granting ZURU such other and further relief as the Court may deem just
2    and proper under the circumstances.

3

4                    **<u>JURY DEMAND</u>**

5        ZURU demands a trial by jury as to all claims and issues so triable.

6

7

8    Dated: August 22, 2025                    FOLEY & LARDNER LLP

9

10                                              /s/ Jean-Paul Ciardullo
                                                Jean-Paul Ciardullo
11                                              Victor de Gyarfas
                                                Ashley M. Koley
12
                                                Attorneys for Plaintiffs
13                                              ZURU INC., ZURU IP LIMITED,
                                                ZURU (SINGAPORE) PTE, LTD.,
14                                              and ZURU, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28